IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 27 2018

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**TAQUILLA HATCH, Individually and on
Behalf of all Others Similarly Situated**                                    PLAINTIFF

vs.                                  No. 4:18-cv-580-JM

**ARKANSAS TOTAL CARE, INC.,                                                DEFENDANTS
CENTENE CORPORATION and
CENTENE MANAGEMENT COMPANY, LLC**

This case assigned to District Judge Moody
and to Magistrate Judge Volpe

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Taquilla Hatch, individually and on behalf of all others similarly situated, by and through her attorneys Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Class and Collective Action against Defendants Arkansas Total Care, Inc., Centene Corporation and Centene Management Company, LLC (hereinafter "Defendants or "Defendant"), she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.   This is a hybrid class and collective action brought by Plaintiff Taquilla Hatch, individually and on behalf of other Care Coordinators or similarly situated employees employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2.   Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages,

prejudgment interest, costs, including a reasonable attorney's fee as a result of Defendants' failure to pay Plaintiff and other Care Coordinators lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendants do business in this district and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff Taquilla Hatch is a citizen and resident of Pulaski County.

13. Plaintiff worked for Defendant as a Care Coordinator within the three (3) years preceding the filing of this Complaint.

14. Plaintiff was paid an hourly rate.

15. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

16. Defendant Arkansas Total Care, Inc. ("Total Care"), is a for-profit corporation created and existing under and by virtue of the laws of the State of Arkansas, providing health care services relating to individuals with intellectual and developmental delays and behavioral health issues.

17. Total Care's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

18. During each of the three years preceding the filing of this Complaint, Total Care employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or

otherwise working on goods or materials that had been moved in or produced for commerce by any person.

19. Total Care's registered agent for service of process in the State of Arkansas is The Corporation Company, 124 West Capitol Avenue Suite 1900, Little Rock, Arkansas 72201.

20. Total Care was at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the class, and is and has been engaged in interstate commerce as that term is defined under the FLSA.

21. Within the past three (3) years preceding the filing of this Complaint, Arkansas Total Care continuously employed at least four employees, including Plaintiff.

22. Defendant Centene Corporation is a foreign for-profit corporation created and existing under and by virtue of the laws of the State of Delaware, providing a portfolio of services to government sponsored healthcare programs, including providing specialty services such as behavioral health management, in-home health services, life and health management and other services.

23. Centene Corporation's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

24. During each of the three years preceding the filing of this Complaint, Centene Corporation employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees

handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

25. Centene Corporation's registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

26. Centene Corporation was at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the class, and is and has been engaged in interstate commerce as that term is defined under the FLSA.

27. Within the past three (3) years preceding the filing of this Complaint, Centene Corporation continuously employed at least four employees, including Plaintiff.

28. Defendant Centene Management Company, LLC, ("CMC")is a foreign for-profit corporation created and existing under and by virtue of the laws of the State of Wisconsin, providing a portfolio of services to government sponsored healthcare programs, including providing specialty services such as behavioral health management, in-home health services, life and health management and other services.

29. CMC's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

30. During each of the three years preceding the filing of this Complaint, CMC employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

31. CMC registered agent for service of process is CT Corporation System, 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.

32. CMC was at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the class, and is and has been engaged in interstate commerce as that term is defined under the FLSA.

33. Within the past three (3) years preceding the filing of this Complaint, CMC continuously employed at least four employees, including Plaintiff.

34. Defendants acted jointly as the employer of Plaintiff and CMC and Centene Corporation acted jointly as the employers of the proposed collective and class and all Defendants are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

35. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

36. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

### IV. REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Care Coordinators who were or are employed by Defendant and who are entitled to payment for all of their overtime wages that

Defendant failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

38.     Plaintiff is unable to state the exact number of the class but believes that the class's membership is over 300 persons.

39.     Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

40.     The names and physical and mailing addresses of the FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

41.     The email addresses of many of the FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

42.     The cellular telephone numbers of the FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action Plaintiffs via text message as soon as possible.

43.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A.      Defendant's uniform failure to compensate employees pursuant to the requirements of the FLSA; and

B.      Defendant's failure to pay members of the class proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

### V.     FACTUAL ALLEGATIONS

44. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

45. Plaintiff worked for Defendant from January to August of 2018, as a Care Coordinator at Defendant's location in Little Rock.

46. Defendant directly hired Plaintiff and other similarly-situated employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

47. Plaintiff and other similarly-situated employees performed duties such as traveling to meet with Defendants' clients, assisting clients with day-to-day tasks, scheduling appointments and driving clients to and from appointments.

48. Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendant.

49. Plaintiff and other similarly-situated employees were classified as hourly employees and regularly were required to and did work in excess of forty (40) hours per week.

50. Defendant did not pay Plaintiff or similarly-situated employees for all hours worked in excess of forty (40) in a week.

51. It was Defendant's commonly applied policy to only pay Plaintiff and other Care Coordinators for the 8 a.m. to 5 p.m. schedule they were scheduled to work.

52. The work that Plaintiff and the class members performed and were required to perform was not all able to be done in their set schedule, including travel to

customer locations while doing work and entering in customer information into Defendants' software systems; therefore not all of the work was compensated.

53.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Care Coordinators violated the FLSA.

## VI.     LEGAL ALLEGATIONS

54.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A.     Individual Allegations under the FLSA

55.     29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

56.     Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by failing to pay Plaintiff and other similarly-situated employees the proper overtime premium.

57.     Defendant's conduct and practice, as described above, have been and is willful, intentional, unreasonable, arbitrary and in bad faith.

58.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

### B.     FLSA § 216(b) Representative Action Allegations

59.     Plaintiff brings this collective action on behalf of all Care Coordinators employed by Defendant to recover monetary damages owed by Defendant to Plaintiff

and members of the Putative Class for all the overtime compensation for all the hours she and they worked in excess of forty (40) each week.

60. Plaintiff brings this action on behalf of herself individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

61. In the past three years, Defendant has employed hundreds of Care Coordinators.

62. Like Plaintiff, these Care Coordinators regularly worked more than 40 hours in a week.

63. Defendant failed to pay these employees the proper overtime wages. Because these employees are similarly situated to Plaintiff, and because they are owed overtime for the same reasons, the opt-in class is properly defined as:

**All Care Coordinators, or Similar Positions,
Within The Past Three Years**

64. This group includes, but is not necessarily limited to, hourly paid workers employed in States where Defendant does business.

C. Individual Allegations Under the AMWA

65. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-203(4).

66. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

67. Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

68. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

70. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### D.  Class Allegations Under the AMWA

71. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

72. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

73. Plaintiff proposes to represent the first AMWA liability class of individuals defined as follows:

**All Arkansas Care Coordinators, or Similar Positions, Within The Past Three Years**

74. Upon information and belief, there are more than 50 persons in the proposed class. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

75. Common questions of law and fact relate to all of the proposed liability class members, such as these:

    i. Whether Defendant's policy of failing to properly pay all overtime-rate wages to members of the proposed class who worked in excess of forty (40) hours per week was unlawful under the AMWA; and

    ii. Whether, as a result of Defendant's failure to lawfully pay Plaintiff's overtime pay, Defendant paid members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

60. The above common questions of law and fact predominate over any questions affecting only Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

61. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempted employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

62. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this complaint.

63. No undue or extraordinary difficulties are likely to be encountered in the management of this class action.

64. The claims of Plaintiff are typical of the claims of the proposed liability class in that Plaintiff and all others in the proposed liability class will claim that they were not paid one and one-half times their regular rate of pay for hours worked in excess of forty per week.

65. Plaintiff and her counsel will fairly and adequately protect the interest of the class.

66. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one.

## VII. EQUITABLE TOLLING

67. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

68. The applicable statute of limitations for Plaintiff's FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

69. Defendant, as employers with a duty to comply with the FLSA and the means to do so, was and had at all relevant times been in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendant should not be permitted to benefit from this imbalance of power by the passage of time.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Taquilla Hatch, individually and on behalf of all others similarly situated, respectfully prays that Defendants be summoned to appear and to answer herein as follows:

(a) That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(b) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the AMWA, and their relating regulations;

(c) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the AMWA, and their relating regulations;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, the AMWA, and their relating regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**TAQUILLA HATCH Individually and on Behalf of all Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: _____
Chris Burks
Ark Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TAQUILLA HATCH, Individually and on**        **PLAINTIFF**
**Behalf of all Others Similarly Situated**

vs.        No. 4:18-cv-____

**ARKANSAS TOTAL CARE, INC.;**
**CENTENE CORP.; and**
**CENTENE MANAGEMENT COMPANY LLC**        **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I am/was employed as a Care Coordinator for Arkansas Total Care, Inc.; Centene Corp.; and Centene Management Company LLC ("Defendants"), during the three years prior to the signing of this document. I understand this lawsuit is being brought under the Fair Labor Standards Act for overtime compensation and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
**TAQUILLA HATCH**

Date: July 31, 2018