IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TAQUILLA HATCH, individually and
on behalf of others similarly situated**     **PLAINTIFF**

V.     4:18CV00580 JM

**ARKANSAS TOTAL CARE, INC.,
CENTENE CORPORATION and
CENTENE MANAGEMET COMPANY, LLC**     **DEFENDANTS**

**ORDER**

Pending is the Plaintiff's Motion for Conditional Certification, For Disclosure of Contact Information and to Send Notices. (ECF No. 13). The Defendant has responded and the Plaintiff has filed a reply. For the reasons set forth below, the Motion is granted in part and denied in part.

Plaintiff Taquilla Hatch brings this lawsuit on behalf of all former and current Care Coordinators for Defendants Arkansas Total Care, Inc., Centene Corporation and Centene Management Company, LLC to recover overtime wages and other damages pursuant to the FLSA and AMWA. Plaintiff seeks conditional certification of the collective action, disclosure of contact information for putative class members, and leave to send a notice to all others similarly situated giving them the option to opt in to the case.

    **I.**      **Certification**

In determining whether this case is appropriate for a court-authorized opt-in notice, the Plaintiff must establish that she is "similarly situated" to putative class members for purposes of § 216(b). This Court has adopted a two-step approach to determine whether plaintiffs are "similarly situated."

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision,- usually based only on the pleadings and any affidavits

which have been submitted– whether notice of the action should be given to potential class members.

Because the Court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The actions proceed as a representative action throughout discovery.

The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives–i.e., the original plaintiffs– proceed to trial on their individual claims.

*Collins v. Barney's Barn, Inc.*, No. 4:12CV00685 SWW, 2013 WL 1668984, *2 (E.D. Ark. April, 17, 2013) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

In order to be similarly situated for purposes of § 216(b), the Court may consider several factors including: 1) whether plaintiffs hold the same job title; 2) whether they worked in the same geographic location; 3) whether the alleged violations occurred during the same period; 4) whether plaintiffs were subjected to the same policies and practices; and 5) the extent to which the acts constituting the alleged violations are similar. *Smith v. Frac Tech Servs.*, No. 4:09CV00679 JLH, 2009 WL 4251017 (E.D. Ark. Nov. 24, 2009).

Plaintiff requests that the Court certify the following class pursuant to 29 U.S.C. § 216(b):

> All Care Coordinators for Arkansas Total Care, Inc. and Centene Corporation at any time since August 27, 2015.

Plaintiff claims that she and all putative class members performed the same or similar job duties which inevitably required more than forty (40) hours of work per week. Plaintiff claims

that the duties performed by her and all of the members of the putative class included providing various services, to include traveling to meet clients, assisting clients with day-to-day tasks, scheduling and accompanying clients to their appointments and related tasks.  Much of the work took place at the Defendants' clients' locations, although some work was performed at Defendants' office location.  Plaintiff claims that they were required to write extensive client notes each evening prior to the beginning of the next work day.  Plaintiff contends that all care coordinators, including Plaintiff and opt-in Plaintiffs, regularly worked more than forty (40) hours per week due to the mandatory client note-taking.  Plaintiff claims that all Care Coordinators were paid by the hour by the Defendants but were not paid any wages for hours spent writing the mandatory client notes each evening.

After carefully considering these factors, the Court finds that the Plaintiff has provided enough information to establish that she is similarly situated to the putative class members at this stage of the litigation. Accordingly, the Court finds that conditional certification is proper under the FLSA for purposes of notice and discovery, and accordingly, certifies the class requested by the Plaintiff.

    **II.**    **Notice and Disclosure of Contact Information for Potential Opt-In Plaintiffs**

The form of notice proposed by the plaintiff is appropriate and is hereby approved.

The Court orders the defendant to provide to counsel for the plaintiff the names and addresses of all persons who were employed by them as Care Coordinators during the specific time within fourteen (14) days from the entry of this Order. Defendant shall provide the information in electronic format only if it is currently maintained in electronic format.

The Court hereby authorizes a ninety (90) day opt-in period from the date the notice is mailed.

The lawyers for the plaintiff are authorized to issue the notice and consent forms by mail. They are also authorized to send a reminder postcard thirty days after the initial notice is mailed.

Plaintiff's request to provide notice via electronic mailing or text message is denied.

For these reasons and to the extent stated, plaintiff's motion for conditional certification, for approval and distribution of notice and for disclosure of contact information is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 28th day of March, 2019.

                                                                                                                _____
James M. Moody Jr.
United States District Judge