IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAQUILLA HATCH, Individually and on**                                 **PLAINTIFF**
**Behalf of all Others Similarly Situated**

vs.                             No. 4:18-cv-580-JM

**ARKANSAS TOTAL CARE, INC.,**                                       **DEFENDANTS**
**CENTENE CORPORATION and**
**CENTENE MANAGEMENT COMPANY, LLC**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND
## FOR DISMISSAL OF LAWSUIT WITH PREJUDICE

The Parties respectfully move this Court to review the Parties' Confidential Settlement Agreement and Release (the "Settlement"), attached hereto as Exhibit 1, and for an Order approving the Settlement as fair and reasonable. In support of this motion, the Parties state:

1. On August 27, 2018, representative Plaintiff Taquilla Hatch commenced the Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted. On March 28, 2019, Taquilla Hatch filed an Amended Complaint on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

2. In the Action, Plaintiff alleged that Defendant violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") by failing to pay Plaintiff and other similarly-situated employees for all hours worked in excess of forty (40) in a week. The Action further pleaded individual claims under the Arkansas Minimum Wage Act ("AMWA") based upon the same underlying allegations. In addition,

Page 1 of 7
Taquilla Hatch, et al. v. Arkansas Total Care, Inc. et al.
U.S.D.C. (E.D. Ark.) No. 4:18-cv-580-JM
Joint Motion for Approval of Settlement

Plaintiff Hatch pleaded individual allegations under Title VII of the Civil Rights Act of 1964 and the Arkansas Civil Rights Act.

3. Defendants answered the Complaint and the Amended Complaint and denied any liability or wrongdoing of any kind.

4. On October 16, 2018, Plaintiff filed her Motion for Conditional Certification, for disclosure of contact information, and to send notices. On November 13, Defendants filed their Response in Opposition. On March 28, 2019, Plaintiff's Motion was granted in part and denied in part.

5. Notice was subsequently mailed to the potential collective action members and the notice period closed on July 11, 2019.

6. On October 7, 2019, Defendants served written discovery and notices of deposition on all of the Opt-In Plaintiffs (including Hatch).  The Parties subsequently agreed to explore early resolution to potentially avoid the expense of formal discovery and motion practice.  On October 12, 2019, the Parties agreed to stay the case (subject to the Court's approval) in order to participate in a settlement mediation conference with a private mediator, and on October 17, 2019, the Court granted the Parties' Motion to Stay.

7. In an effort to reach a compromise and to avoid the expense and burden of litigation, following private mediation, the Parties have reached a settlement of all claims asserted in the pending Action (the terms of which are embodied in the attached Settlement), as well as any and all other claims Plaintiff Taquilla Hatch has against Defendants (the terms of which do not require Court approval and which have been or will be separately dismissed by joint stipulation).

8.     The Settlement covers only employees who opted into the Action and consented to be bound by any settlement reached by the Parties.

9.     Under the FLSA, claims by employees for back wages may be settled if the settlement is approved by a court or supervised by the United States Secretary of Labor. 29 U.S.C. § 216(b) & (c). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)). The settlement and release is enforceable "only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

10.    Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See Lynn's Food Stores*, 679 F.2d at 1353–54, n.8. The adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement.  *See id.* at 1354 (contrasting settlements made in the context of a lawsuit, which provide "some assurance of an adversarial context," with settlements outside the context of a lawsuit, which are in "clear derogation…of the FLSA").

11. If the proposed settlement is a reasonable compromise of contested issues, the district court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*See id.* at 1354.

12. The Parties agree that bona fide disputes exist between them. Plaintiffs claim it was Defendants' policy to only pay them for the time they were actually scheduled to work, from 8 a.m. to 5 p.m. Plaintiffs assert that they spent several hours per week outside their regularly scheduled shifts traveling to customer locations and entering customer information into Defendants' software systems. Plaintiffs claim they were not paid for that time. Defendants deny any liability or wrongdoing of any kind, deny that Plaintiffs were ever denied compensation to which they were legally owed, claim that their written policies require accurate time-reporting and prohibit off-the-clock work, and assert that Plaintiffs were properly compensated for all time worked. The Parties further dispute the amount of potential overtime hours worked, given that Plaintiffs' alleged unpaid time was worked off-the-clock and therefore unrecorded.

13. This is a bona fide dispute where settlement was reached in the course of formal litigation and after the exchange of discovery, including the sharing of time and pay records, by experienced counsel representing both Parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arms' length and with the assistance of a private mediator in a full-day settlement mediation conference.

The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further motions and discovery, a trial, and, potentially, an appeal. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement. This decision included evaluating the likelihood of prevailing on the merits of their claims and defenses, including the amount of potential damages, as well as the amount of any additional fees and costs that would be incurred as a result of further litigation and the amount of additional fees and costs that will be incurred as a result of winding up this settlement. Plaintiff and her counsel have specifically considered the potential value of her claims and the claims of Opt-in Plaintiffs and have concluded that the proposed settlement provides a fair and reasonable resolution of the claims.

14. Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation. *Barbee v. Big River Steel, LLC*, __ F.3d __, 2019 WL 2527594 at *2 (8th Cir. 2019). A stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778–80 (8th Cir. 2018) ("where the parties

have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees.").

15. Counsel for Plaintiff incurred substantial case costs and fees litigating this case from multiple complaints to filing a collective action, sending collective action notice, discovery, document review, fact investigation, calculation of potential damages, and extensive settlement negotiations. The agreed-upon costs and fees are reasonable.

16. The proposed Settlement is contingent upon the Court's review and approval of it and issuance of an Order approving the Settlement as fair, adequate and reasonable.

17. Except as otherwise provided in the Settlement, the Parties agree to bear their own attorneys' fees and costs. The Parties request that the Court retain jurisdiction to enforce the terms of the Settlement.

WHEREFORE, the Parties request that the Court review the Settlement and issue an Order approving it as fair and reasonable, and that this case and the asserted claims of Plaintiff and the opt-in plaintiffs be dismissed with prejudice.

Respectfully submitted,

**TAQUILLA HATCH, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and   **DEFENDANT ARKANSAS TOTAL CARE, INC., CENTENE CORPORATION and CENTENE MANAGEMENT COMPANY, LLC**

LITTLER MENDELSON, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, AR  72701
Telephone:   479.582.6100
Facsimile:    479.582.6111

Eva C. Madison
Ark. Bar No. 98183
emadison@littler.com

Douglas E. Smith, Pro Hac Vice
desmith@littler.com

Breanne Sheetz Martell, Pro Hac Vice
bsmartell@littler.com